# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                      **Case No. 21-CR-113**

**JACOB MACLIN**
    **Defendant.**

## ORDER

Defendant Jacob Maclin, who proceeds pro se, has filed another motion to dismiss the indictment. I deny the motion summarily.

Defendant's challenges to subject matter and personal jurisdiction are frivolous. See United States v. Phillips, 326 Fed. Appx. 400, 400 (7th Cir. 2009) ("[A] district court has personal jurisdiction over any defendant brought before it on a federal indictment charging a violation of federal law."); United States v. Bjorkman, 270 F.3d 482, 490 (7th Cir. 2001) ("[D]istrict judges always have subject-matter jurisdiction based on any indictment purporting to charge a violation of federal criminal law."); Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.").

Defendant contends that the charges in the indictment were never presented to a competent grand jury, and that "the indictment does not contain nor is it attached; a true bill." (R. 40 at 1.) A presumption of regularity attaches to grand jury proceedings, and defendant presents no evidence of any irregularity. See United States v. Lisinski, 728 F.2d 887, 893 (7th

Cir. 1984). The indictment is facially sufficient. See United States v. Irorere, 228 F.3d 816, 830-31 (7th Cir. 2000).

The United States has "standing" to bring charges against defendant. See Sessum v. United States, 18 Civ. 6222 (KPF); 15 Cr. 667-6 (KPF), 2020 U.S. Dist. LEXIS 46490, at *28-30 (S.D.N.Y. Mar. 16, 2020) (collecting cases).

Defendant is being held in custody in the instant case and another matter pending in this district pursuant to the provisions of the Bail Reform Act. As Judge Pepper indicated after reviewing the history of these cases in detail, "The court cannot conclude that there is any condition, or any combination of conditions, that will assure the safety of the community if the court were to release the defendant prior to trial." (Case No. 18-CR-122, R. 110 at 9.)

Defendant's claims that he is not a United States citizen or a "statutory person" subject to the laws of the United States are frivolous. See United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts."); United States v. James, 328 F.3d 953, 954 (7th Cir. 2003) ("Laws of the United States apply to all persons within its borders. Even if James were not a citizen of the United States (though he is, having been born here), he would be obliged to respect the laws of this nation.").

Defendant claims that the United States is bankrupt, attaching an affidavit from "Walker F. Todd" filed in a Michigan state court case in 2003. He fails to explain what this affidavit, which appears to be circulated on the internet and used by litigants to promote a discredited theory regarding the enforceability of promissory notes, has to do with his federal criminal case. See, e.g., Harmon v. U.S. Bank N.A., No. 4:21-cv-00096-AGF, 2021 U.S. Dist. LEXIS 138620,

at *5-6 (E.D. Mo. July 26, 2021); Turnbough v. Thaler, No. 6:11cv336, 2011 U.S. Dist. LEXIS 115666, at *5 (E.D. Tex. Aug. 13, 2011), adopted, 2011 U.S. Dist. LEXIS 112654 (E.D. Tex. Sept. 30, 2011).

**IT IS ORDERED** that defendant's motion to dismiss (R. 40) is denied.

Dated at Milwaukee, Wisconsin, this 30th day of December, 2021.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge